IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| In re FRED FAUSETT CRANMER, Debtor<br><br>Appellant,<br><br><br><br>vs.<br><br><br><br>KEVIN R. ANDERSON, Chapter 13 Trustee<br><br>Appellee. | MEMORANDUM DECISION AND ORDER REVERSING BANKRUPTCY JUDGE AND REMANDING FOR FURTHER PROCEEDINGS<br><br><br><br><br><br>Case No. 2:11-CV-230 TS<br><br>Bankruptcy Case No. 10-22994 WTT |

This matter is before the Court on Debtor Fred Cranmer's ("Appellant") appeal of a final order of dismissal entered on January 28, 2011 by the US Bankruptcy Court for the District of Utah. Appellant argues that the bankruptcy court failed to properly apply 42 U.S.C. § 407 and thereby improperly denied Appellant's proposed Chapter 13 bankruptcy plan. For the reasons set forth below, the Court will reverse the bankruptcy court's final order of dismissal and remand the case for further proceedings consistent with this decision.

# I. BACKGROUND

A.     FACTUAL BACKGROUND

Unless otherwise indicated, the following facts are taken from Chapter 13 Trustee Kevin R. Anderson's ("Appellee") Brief filed with this Court.[1] Appellant has not disputed any of these facts, and they are consistent with the bankruptcy court's findings of fact.[2] Appellant filed his Chapter 13 petition for relief on March 12, 2010. As required by 11 U.S.C. § 521(a), Appellant filed an original and an amended Chapter 13 Statement of Current Monthly and Disposable Income. Appellant used Form 22C for both of these filings. As allowed by 11 U.S.C. § 101(10A)(B), Appellant did not include any benefits received under the Social Security Act on Line 9 of this form. Pursuant to Line 15 of this form, Appellant's annualized current monthly income, as defined by § 101(10A)(B), was $59,341.92, which is above the median income for the state of Utah for a household of two individuals. Also pursuant to the form, the "applicable commitment period"[3] for this case was five years and Appellant's "Monthly Disposable Income"[4] was $292.44.

On March 26, 2010, Appellant filed his original Bankruptcy Schedules I & J. These original schedules included $1,270 in Appellant's social security income ("SSI") and $670 of his

---

[1] Docket No. 8.

[2] Appellant actually goes so far as to state that Appellee's Brief "marshals the facts and pertinent case law" and "fairly states and in nowise evades the Debtor's position." Docket No. 11, at 1.

[3] Defined by 11 U.S.C. § 1325(b).

[4] Defined by 11 U.S.C. § 1325(b)(2).

spouse's SSI, for a total of $1,940 of SSI.  Including this SSI, Appellant's income on Schedule I totaled $4,329 and Appellant's expenses on Schedule J totaled $2,564.  Appellant's monthly net income was therefore $1,765.  Appellant then filed amended Schedules I and J on March 26 and May 20, 2010.  Through these amendments, Appellant deducted $1,464 of "exempt social security funds."  This left Appellant with $476 of SSI as part of his monthly net income.  On May 20, 2010, Appellant also filed another amended Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income[5] and another Amended Chapter 13 Plan.[6]  This plan proposed one payment of $50 and then monthly payments of $400 for 59 months, to pay administrative, secured, and priority claims first, with any remaining balance to be distributed to nonpriority unsecured creditors.

Appellee then objected to the confirmation of the Chapter 13 plan.  In his objection, the Appellee acknowledged that 11 U.S.C. § 101(10A)(B) excludes SSI from current monthly income ("CMI"), which is reflected on Form 22C.[7]  However, Appellee argued in his objection that this exclusion "relates *solely* to form 22C and does not extend to Schedules I and J," which are used in the calculation of projected disposable income, and which Appellee argued "must reflect all income" and should include SSI.[8]

---

[5]Bankruptcy Court Docket No. 27.

[6]Bankruptcy Court Docket No. 29.

[7]Bankruptcy Court Docket No. 20, at 1.

[8]*Id.* at 1-2.

On June 28, 2010, the bankruptcy court held a confirmation hearing in which it made findings of fact and conclusions of law on the record, denying confirmation of Appellant's proposed Chapter 13 plan.[9] These findings of fact and conclusions of law were memorialized in a memorandum decision issued that same date.[10] In that decision, the court stated that the issue before it was "whether [Appellant] may exclude social security income from his projected disposable income ("PDI") analysis."[11]

The court held "that SSI must be included in the PDI analysis and that exclusion of SSI is a factor in determining whether a plan is filed in good faith."[12] The court also held that the situation where a debtor has SSI, which is by definition not included in current monthly income or disposable income, "is the 'unusual' case the Supreme Court meant in *Hamilton v. Lanning* where there are other known sources of income that should be included in the calculation of PDI."[13] As the court found that SSI must be included in a projected disposable income analysis and that its exclusion is a factor in determining whether a plan is filed in good faith, the court denied confirmation of Appellant's plan.[14]

---

[9] Bankruptcy Court Minute Entry 6/28/2010.

[10] Bankruptcy Court Docket No. 47.

[11] *Id.* at 1.

[12] *Id.*

[13] *Id.* at 13.

[14] *Id.* 47, at 15-16; Bankruptcy Court Docket No. 48 at 1.

Appellant then filed an amended plan on July 8, 2010, which the bankruptcy court confirmed on September 21, 2010. In that confirmation order, the court stated that Appellant had modified his plan to comply with the court's holding that he was "required to include in Schedule I his social security income," and that Appellant still retained "all rights to appeal the Court's decision on Social Security income."[15] The bankruptcy court later dismissed the case, as Appellant's payments did not comply with the second payment plan.[16] It appears that the payments did, however, comply with the payment plan that was initially denied.[17] Appellant filed the present appeal, arguing that the SSI of Appellant and his non-filing spouse are specifically exempted from bankruptcy repayment plans by Congress, and therefore the bankruptcy court erred when it denied confirmation of his Chapter 13 payment plan.[18]

B.    STANDARD OF REVIEW

When reviewing the factual findings of a bankruptcy court, a district court is "bound by those findings unless they are clearly erroneous."[19] However, "[t]he legal conclusions of the bankruptcy court are subject to *de novo* review by the district court."[20] The bankruptcy court's

---

[15]Bankruptcy Court Docket No. 62, at 1-2.

[16]Bankruptcy Court Docket No. 96; Bankruptcy Court Docket No. 92, at 1.

[17]Bankruptcy Court Docket No. 92, at 1.

[18]Docket No. 5, at 4.

[19]*In re Herd*, 840 F.2d 757, 759 (10th Cir. 1988) (citing *In re Branding Iron Motel, Inc.*, 798 F.2d 396, 399 (10th Cir. 1986).

[20]*Id.* (citing *In re Mullet*, 817 F.2d 677, 678 (10th Cir. 1987)).

5

factual findings are not at issue on this appeal. The Court will now review the bankruptcy court's findings of law.

## II. ANALYSIS

Appellant argues that the bankruptcy court erred when it did not apply 42 U.S.C. § 407 to Appellant's proposed Chapter 13 plan.[21] Appellant argues that this statute specifically exempts the SSI of both Appellant and his non-filing spouse from the bankruptcy court's consideration.[22] Appellant also argues that the bankruptcy court's June 28, 2010, denial of confirmation for failure to include the entire SSI of Appellant and his non-filing spouse was inappropriate under 11 U.S.C. § 101(10A), which many courts have interpreted as exempting SSI from a calculation of PDI.

Appellee argues that the bankruptcy court's decision was correct because: 1) SSI is not statutorily excluded from the calculation of PDI in a Chapter 13 bankruptcy case;[23] 2) it would be equitable to require debtors to use their SSI pay for their expenses so they can use their other income to repay creditors;[24] and 3) even if a debtor's SSI is excluded from a PDI calculation, it should still be relevant in determining whether the plan is proposed in good faith.[25]

The Social Security Act provides:

---

[21]Docket No. 5, at 4.

[22]*Id.*

[23]Docket No. 8, at 10.

[24]*Id.* at 21.

[25]*Id.* at 22.

(a) The right of any person to any future payment under this subchapter shall not be transferable or assignable, at law or in equity, and none of the moneys paid or payable or rights existing under this subchapter shall be subject to execution, levy, attachment, garnishment, or other legal process, *or to the operation of any bankruptcy or insolvency law*.

(b) No other provision of law, enacted before, on, or after April 20, 1983, may be construed to limit, supersede, or otherwise modify the provisions of this section except to the extent that it does so by express reference to this section.[26]

From this language, it is clear that Congress wanted payments under the Social Security Act to be protected, and that this protection was to exclude them from "operation of any bankruptcy or insolvency law" unless allowed by express reference to § 407. This alone suggests that a bankruptcy court should not require a debtor to contribute social security benefits to a repayment plan, as some courts have held.[27]

The Bankruptcy Code also explicitly protects social security income. The Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA") modified the calculation of disposable income ("DI").[28] "Prior to BAPCPA, courts typically included Social Security benefits in the calculation of disposable income."[29] When defining current monthly income ("CMI") under BAPCPA, Congress specified that CMI "excludes benefits received under the

---

[26] 42 U.S.C. § 407 (2006) (emphasis added).

[27] *See, e.g.*, *In re Welsh*, 440 B.R. 836, 844 (Bankr. D. Mont. 2010) (declining to follow the bankruptcy court's June 28, 2010 decision in this case); *In re Radford*, 265 B.R. 827, 830 (Bankr. W.D. Mo. 2000).

[28] *See Baud v. Carroll*, 634 F.3d 327, 347 (6th Cir. 2011).

[29] *Id.* (citing *Hagel v. Drummond (In re Hagel)*, 184 B.R. 793, 796 (B.A.P. 9th Cir. 1995)); *In re Cornelius*, 195 B.R. 831, 835 (Bankr. N.D.N.Y. 1995); *In re Schnabel*, 153 B.R. 809, 817 (Bankr. N.D. Ill. 1993); *In re Bartelini*, 434 B.R. 285, 296 (Bankr. N.D.N.Y. 2010).

Social Security Act."[30] BAPCPA also "amend[ed] the definition of disposable income to incorporate the definition of current monthly income."[31]

The bankruptcy court found, and the parties did not dispute, "that SSI is statutorily excluded from both the calculation of CMI . . . and the calculation of DI . . . as both calculations are determined by using Form 22C."[32] The bankruptcy court also found "that CMI and DI calculations are different than the calculation of PDI."[33] The bankruptcy court cited the Supreme Court in *Hamilton v. Lanning*, where the Court affirmed a Tenth Circuit case and rejected the "mechanical approach" of calculating PDI in favor of the "forward looking approach."[34] The mechanical approach simply "multiplied monthly income by the number of months in the plan and then determined what portion of the result was 'excess' or 'disposable.'"[35] The Court rejected this approach, stating that "[i]n cases in which a debtor's disposable income during the 6-month look-back period is either substantially lower or higher than the debtor's disposable income during the plan period, the mechanical approach would produce senseless results."[36] However, this does not mean that disposable income, as derived from CMI, is not a factor in

---

[30] 11 U.S.C. § 101(10A)(B) (2006).

[31] *Baud*, 634 F.3d at 347.

[32] Bankruptcy Court Docket No. 47, at 6.

[33] *Id.*

[34] *Hamilton v. Lanning*, 130 S. Ct. 2464, 2469, 2475 (2010).

[35] *Id.* at 2469.

[36] *Id.* at 2476.

calculating PDI. Instead, the Court stated that "the statutory formula for calculating 'disposable income' plays" an "important role . . . under the forward-looking approach."[37] "[A] court taking the forward-looking approach should begin by calculating disposable income, and in most cases, nothing more is required. It is only in unusual cases that a court may go further and take into account other known or virtually certain information about the debtor's future income or expenses."[38]

The bankruptcy court applied this language and concluded that a case where a debtor receives social security benefits, which are by definition not included as part of CMI and DI, "is the 'unusual' case the Supreme Court meant in *Hamilton v. Lanning* where there are other known sources of income that should be included in the calculation of PDI."[39] Examining this issue *de novo*, the Court concludes that the bankruptcy court misapplied *Hamilton*, that Appellant should not have been required to include social security income in his calculation of projected disposable income, and that failure to contribute all of Appellant's social security income did not constitute bad faith.

In *Hamilton*, the Court clearly stated that in most cases, a PDI calculation begins and ends with a calculation of disposable income, which expressly excludes SSI.[40] While the Court did state that "in unusual cases . . . a court may go further and take into account other known or

---

[37]*Id.* at 2475.

[38]*Id.*

[39]Bankruptcy Court Docket No. 47, at 13.

[40]*Id.*

9

virtually certain information about the debtor's future income or expenses,"[41] it is clear from a further reading of the Court's opinion that it was not referring to instances where a debtor had other income, such as social security income, that was statutorily excluded from the calculation of disposable income. Instead, the Court was referring to instances were the debtor's future (i.e. "projected") disposable income would be substantially different than the calculation of disposable income over the previous six months from Form 22C.

One indicator of the Court's intent is when it states that the mechanical approach would yield senseless results when calculating project disposable income "[i]n cases in which a debtor's disposable income during the 6-month look-back period is either substantially lower or higher than the debtor's *disposable income* during the plan period."[42] This reference to disposable income, a term which is specifically defined to exclude SSI, during the plan period, indicates that the Court was not considering income that is already specifically excluded from the calculation of disposable income. Later, the Court reinforces this point when summarizing the holding. The Court states: "we hold that when a bankruptcy court calculates a debtor's projected disposable income, the court may account for changes in the debtor's income or expenses that are known or virtually certain at the time of confirmation."[43] This is not what happened in this case, as the social security income was not a "change[] in the debtor's income or expenses." Rather, it was income that already existed, but that was expressly excluded from the calculation of disposable

---

[41] *Hamilton*, 130 S. Ct. at 2475.

[42] *Id.* at 2476 (emphasis added).

[43] *Id.* at 2478.

income. Finally, this interpretation is also supported by a number of circuit court[44] and district court[45] holdings. Although there are courts that have held that a debtor's SSI must be included when calculating PDI, these cases are both the minority and tend to rely on pre-BAPCPA case law.[46]

This Court will also reverse the bankruptcy court's holding that failure to include the entire SSI of Appellant and his non-filing spouse in Appellant's plan constituted bad faith. As the Bankruptcy Appellate Panel of the Eight Circuit stated in a similar case: "It simply was not bad faith for the Debtors to follow the requirements of the Bankruptcy Code and, in so doing, obtain a benefit provided therein."[47] As another court stated, holding that a plan was not submitted in good faith for failure to include SSI when SSI was specifically excluded by another statute would run afoul of the statutory construction canon that "[c]ourts should disfavor

---

[44]*Baud*, 634 F.3d at 345 ("We conclude that benefits received under the Social Security . . . should not be included in the calculation of projected disposable income"); *In re Thompson*, 439 B.R. 140, 143 (B.A.P. 8th Cir. 2010) (social security income did not constitute a change to the debtor's income or expenses).

[45]*See, e.g.*, *In re Bartelini*, 434 B.R. at 295 ("Given § 101(10A)'s explicit exclusion of SSI, debtors cannot be compelled to include those benefits in the computation of their DI and therewith their PDI."); *In re Thomas*, 443 B.R. 213, 217 (Bankr. N.D. Ga. 2010) ("Considering both the plain meaning of the Code and *Lanning*, SSI is not part of PDI."); *In re Welch*, 440 B.R. at 846 (finding that SSI should not be included when calculating projected disposable income); *In re Upton*, 363 B.R. 528, 534-35 (Bankr. S.D. Ohio 2007) (a debtor's SSI should not be considered when determining whether she has contributed all of her PDI); *In re Ward*, 359 B.R. 741, 745 (Bankr. W.D. Mo. 2007) (same).

[46]*See, e.g.*, *In re Rodgers*, 430 B.R. 910, 913 (Bankr. M.D. Fla. 2010) (citing five pre-BAPCPA cases when determining that "exempt revenues are subject to a disposable income analysis").

[47]*In re Thompson*, 439 B.R. at 143 (citing *In re Barfknecht*, 378 B.R. 154, 164 (Bankr. W.D. Tex. 2007)).

interpretations of statutes that render statutory language superfluous, and so long as there is no positive repugnancy between two laws, a court must give effect to both."[48]

### III. CONCLUSION

Based on the forgoing, the Court finds that the bankruptcy judge erred in holding that Appellant's social security income must be included in his projected disposable income, and that Appellant's failure to do so constituted bad faith.

It is therefore

ORDERED that the bankruptcy courts's January 28, 2011, Order of Dismissal is REVERSED and REMANDED to the bankruptcy court for further proceedings consistent with this decision.

The Clerk of Court is directed to close this case forthwith.

DATED  December 6, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[48] *In re Welsh*, 440 B.R. at 849-50 (citing *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 252-54 (1992)).